CANAL STEEL WORKS v. CRESCENT FORWARDING & TRANS. CO., LTD.

_____

(November 18, 1929. Opinion and Decree.)

_____

Feitel & Feitel, of New Orleans, attorneys for plaintiff, appellee.

Edward Rightor and W. H. Sellers, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit for damages resulting from a collision between plaintiff's Ford coupe and the defendant's truck. Defendant denies liability. There was judgment in favor of plaintiff for the sum of $117.04 and defendant appealed.

The evidence shows that the plaintiff's coupe, in charge of an employee, was being driven out Alvar Street, on the right hand side, and when within thirty feet of North Robertson Street, had slowed down to about eight miles per hour. Defendant's truck, in charge of its chauffeur, while turning into Alvar Street from North Robertson, at a speed estimated about twenty-five miles an hour, was unable to remain on the right hand side of Alvar Street, with the result that it crossed to the left hand side of the street. In so turning, the left front wheel of the truck struck the left rear wheel of the Ford coupe, jamming the coupe against the sidewalk curbing on Alvar Street and causing the damages in question.

The only witnesses to the accident were the driver of plaintiff's coupe and the driver of defendant's truck. Plaintiff proved a prima facie case by the testimony of the driver of the Ford coupe and the mechanic who repaired the car. The defendant was content to cross-examine these witnesses without offering any rebuttal evidence.

We are convinced that the damages complained of were the result of the carelessness and negligence of the driver of defendant's truck and that the charges for the necessary repairs were reasonable.

The case presents simply an issue of fact, and the judge of the lower court having decided it in favor of plaintiff, and there being no manifest error, the judgment is affirmed.